PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN J. GERARDINO, Defendant and Appellant.

No. 2754.    Argued January 24, 1927.—Decided July 20, 1927.

*Felipe Colón Díaz, José R. Gelpí* and *J. Tous Soto* for the appellant.
*José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Appellant was convicted of an alleged violation of section 54 of an "Act providing for the incorporation of domestic insurance companies, to regulate the insurance business in Porto Rico, and for other purposes," Laws of 1921, 522-564.

Section 54 reads in part as follows:

"Any soliciting agent, agent, examining physician or other person who knowingly and wilfully renders a false report, alters or disfigures the facts, or who inserts in any application for insurance, or in any report or statement to be used in connection with such application, with the forethought of obtaining a fee, commission, money or other benefit, any information or detail, which such person knows to be untrue, shall be guilty of misdemeanor. . ."

The information charges, among other things:

"That in or about the month of May, 1923, and prior to the filing of this complaint, Juan J. Gerardino, in Ponce, which forms part of the municipal judicial district of Ponce, P. R., unlawfully, knowingly and intentionally, and on the occasion of the filing by Julio F. Rivera of an application for insurance to The Manufacturers Life Insurance Company, which is a foreign corporation duly authorized to do business in Porto Rico, the said Rivera stating therein that he was in good health, the said Juan J. Gerardino, distorting the truth, endorsed the said application, stating that he confirmed the above mentioned answer and statement of Rivera, and that the latter was in good health, although he knew that Rivera was infirm at the time of the filing of said application."

The scrivener of this information, reading section 54, *supra,* perhaps attempted to charge two of the possible offenses that could be extracted therefrom, namely, one accomplished by a person "who inserts in any application . . . . or in any report," etc., and the one committed by a person "who disfigures the facts," each of them done knowingly and wilfully. It may be that the defendant could have had his position clarified by a demurrer on the ground

of duplicity or ambiguity or by a motion to strike. He did none of these things. Under the facts of the trial, and generally, the words "Disfiguring the truth of the facts" may be regarded as parenthetical makeweight, or were surplusage. The essential charge is that Juan J. Gerardino knowingly and wilfully introduced into an application for an insurance policy the detail that ratified the answers and statements made by Julio F. Rivera, the assured, etc.

The evidence in this case was by stipulation to be the same as was presented in the case of *People* v. *Gerardino*, No. 2750 in this court, No. 6766 in the court below. Examining the evidence, we find the application, a single sheet with all the written answers and statements of Rivera, made in response to the printed questions of the insuring company. Then on the same sheet, a trifle lower down than the signature of Rivera, we find the following printed statement: *"Confirmo las respuestas, declaraciones y convenios que anteceden,"* and then Juan J. Gerardino affixed his signature. Of what he did there is no question. A doubt arose by reason, as supposed, that Juan J. Gerardino did not introduce anything into the body of the application, but merely signed following a statement made below.

As we have intimated, the application is a whole single sheet. It is entitled at the top "Application." It may be said that the statement made by the appellant was just as much a part of the application as were the answers and statements made by Rivera. The corroboration, ratification or confirmation by Gerardino was a condition precedent to the issuance of the policy. The whole sheet was an entirety in order to obtain the insurance. The paper was spread before Gerardino and the evidence discloses strongly and unmistakenly that he knew what he was signing. We may, therefore, conclude that the appellant literally introduced into the application the detail that confirmed the answers and statements of Rivera.

We may, however, also base our decision on broader grounds. The mischief that the statute made a crime was to introduce into a statement to be used *in connection* with an application for an insurance policy any information or detail that the person making it knew to be false. With his signature added knowingly to the confirmation printed by the company Gerardino, the defendant, introduced such a false statement *"in connection"* with the insurance policy if not directly. The object of the statute as displayed by the words used was to prevent any misrepresentation in obtaining the policy. Juan J. Gerardino, beneficiary under the policy, knowingly and wilfully made such a misrepresentation and we think literally and spiritually fell within the sanction of the statute. There was no possibility of his being misled by the information into thinking that he had done anything else but confirm the answers and statements of Rivera. That confirmation deliberately done was the essential thing charged against him in the information.

The judgment appealed from will be affirmed.

Mr. Justice Hutchison dissented.